NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250090-U

NO. 4-25-0090

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Carroll County |
| ALEC C. BRANDON, | ) | No. 23CF91 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Jerry Kane, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not abuse its discretion when ordering defendant to pay restitution within nine months. The appellate court remands for the trial court to establish the manner in which defendant must satisfy his restitution obligation.

¶ 2     Following an October 2024 bench trial, defendant, Alec C. Brandon, was convicted of criminal defacement of property (720 ILCS 5/21-1.3 (West 2022)) and criminal damage to property (*id.* § 21-1(a)(1)). Defendant was sentenced to 24 months' probation with 14 days in jail. Defendant was ordered to pay $1,887.50 in restitution within nine months.

¶ 3     Defendant appeals, arguing the trial court erred by failing to consider his ability to pay restitution in the ordered time frame. We remand for the limited purpose of holding a hearing to establish the manner in which defendant must satisfy his restitution obligation. We otherwise affirm the trial court's judgment.

¶ 4                                   I. BACKGROUND

¶ 5        In September 2024, the State charged defendant with criminal defacement of property (count I) (*id.* § 21-1.3) and criminal damage to property (count II) (*id.* § 21-1(a)(1)) for damage done to done to St. Peter's Lutheran Church in Savanna, Illinois. Following an October 2024 bench trial, defendant was found guilty on both counts.

¶ 6        On January 8, 2025, the trial court held defendant's sentencing hearing. The presentence investigation report (PSI) was admitted without any amendments or objections by either party. The State asked the court to take judicial notice of two invoices for the church's repair costs, previously admitted as exhibits, and the previous testimony of church president William Grummitt. Based on this evidence, the State requested restitution in the amount of $1,887.50. Defense counsel did not object to the restitution amount.

¶ 7        The State also requested 24 months of probation and 14 days in jail. Defense counsel requested "the same sentence as the [State] except for the jail time." Both parties noted the State's recommendation would only impose three days in jail after credit for time served. Defendant made a short statement in allocution, discouraging more "jail time," explaining he had "pets at home," "nobody to watch the house," and "all sorts of medications, and those would have to be brought in."

¶ 8        The trial court sentenced defendant to 24 months of probation and 14 days in jail, and it ordered restitution in the amount of $1,887.50. The court asked the parties for a time frame for the payment. The court also encouraged the parties to "pick a number" to establish a monthly payment amount. Defense counsel and defendant discussed the matter off the record. The State then requested restitution "be paid off within nine months." Defense counsel accepted the nine-month time frame. The parties did not come to an agreement on monthly installments.

¶ 9        The trial court entered a final restitution order in the amount of $1,887.50,

- 2 -

ordering "defendant [to] make all payments directly to the Caroll County Circuit Clerk's Office within nine months." The restitution order did not explicitly order defendant to make monthly installments or a lump sum payment.

¶ 10       This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12       On appeal, defendant argues this court should vacate the trial court's restitution order and remand for a new restitution hearing because the court failed to consider his ability to pay restitution, as required by the Uniform Code of Corrections (Unified Code) (730 ILCS 5/5-5-6(f) (West 2024)). The State disagrees, claiming defendant forfeited his argument and there was no error because the PSI supported defendant's ability to pay. Defendant concedes his restitution issue was forfeited when trial counsel failed to raise the issue at sentencing or in a postsentencing motion. However, defendant requests this court review the issue under the plain error doctrine.

¶ 13       To preserve a purported error for consideration by this court, a defendant must object at trial or sentencing and raise the error in a posttrial motion. *People v. Sebby*, 2017 IL 119445, ¶ 48. "Failure to do either results in forfeiture." *Id.* The plain error doctrine permits a reviewing court to exercise discretion and excuse a defendant's forfeiture where either (1) there was a clear or obvious error and the evidence is so closely balanced that the error threatened to tip the scales of justice against the defendant or (2) the error was so serious it affected the fairness of the trial and challenged the integrity of the judicial process. *Id.* The first step under either prong of the plain error doctrine is to determine whether there was any error at all. *People v. Matthews*, 2017 IL App (4th) 150911, ¶ 17.

¶ 14       Defendant seeks this court's review under the second prong of the plain error doctrine and requests a new restitution hearing, arguing the trial court failed to consider his

ability to pay restitution in the ordered time frame of nine months. Section 5-5-6(f) of the Unified Code provides:

> "Taking into consideration the ability of the defendant to pay, including any real or personal property or any other assets of the defendant, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years, *** within which payment of restitution is to be paid in full. Complete restitution shall be paid in as short a time period as possible. However, if the court deems it necessary and in the best interest of the victim, the court may extend beyond 5 years the period of time within which the payment of restitution is to be paid. If the defendant is ordered to pay restitution and the court orders that restitution is to be paid over a period greater than 6 months, the court shall order that the defendant make monthly payments; the court may waive this requirement of monthly payments only if there is a specific finding of good cause for waiver." 730 ILCS 5/5-5-6(f) (West 2024).

¶ 15　　　　Defendant argues the trial court failed to take into consideration his ability to pay when it imposed the nine-month payment time frame. In support of this contention, defendant cites *People v. Day*, 2011 IL App (2d) 091358, ¶ 56, to reiterate courts are required to consider a defendant's ability to pay when determining the time and manner of payment. While a trial court is "not required to expressly state" it has considered a defendant's ability to pay, there must be "sufficient evidence before the court concerning a defendant's ability to pay." *People v. D'Alise*, 2022 IL App (2d) 210541, ¶ 51. A trial court's order of restitution is reviewed for an abuse of discretion. *People v. Adame*, 2018 IL App (2d) 150769, ¶ 13.

- 4 -

¶ 16        Here, when pronouncing defendant's sentence, the trial court stated it considered "the information contained within the PSI." The court noted, according to the PSI, defendant had $800 saved in his bank account. In the PSI, $800 was recorded in defendant's list of financial assets, along with a home property valued at $60,000. Defendant also reported receiving $678 per month for disability. The PSI reported defendant had "a stable income," with no debts listed.

¶ 17        Defendant asserts other commentary in the PSI contradicted his ability to pay within the ordered time frame. For instance, the commentary noted, "when [he was] asked about his financial situation, [defendant] answered the assessment questions with responses that indicate he is barely able to get by financially." However, defendant also stated "he could adequately budget [for] himself" and his personal vehicle was "paid for." He lived in a "two-story brick home" and was "currently remodeling it when he [could] afford to."

¶ 18        We do not find the trial court abused its discretion when it ordered defendant to pay $1,887.50 in restitution within nine months based on the evidence before it. The financial information in the PSI was sufficient evidence to support defendant's ability to pay. There was no error when the court imposed a "reasonable time frame" for payment. *D'Alise*, 2022 IL App (2d) 210541, ¶ 47. Contrary to defendant's suggestion, we cannot find the court imposed an "impossible financial burden" on defendant. *People v. Reece*, 228 Ill. App. 3d 390, 396 (1992).

¶ 19        Compliance with section 5-5-6(f) is mandatory. *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 82. Remand is required "when a trial court includes a time to pay but not the manner of payment—that is, by installments or lump sum." *Id.* In such cases, this court has frequently remanded for the purpose of establishing the manner of payment. See *People v. Russo*, 2023 IL App (4th) 220320-U, ¶ 21 (remanding for the trial court to establish the manner of payment); *People v. Sullivan*, 2023 IL App (4th) 220263-U, ¶ 28 (remanding to establish the

time and manner of payment); *People v. Green*, 2021 IL App (4th) 200063-U, ¶ 33 (remanding to establish the manner of payment).

¶ 20　　　　Here, the trial court's restitution order imposed a time period greater than six months for restitution to be paid. Where a defendant is ordered to pay restitution "over a period greater than 6 months, the court shall order that the defendant make monthly payments; the court may waive this requirement of monthly payments only if there is a specific finding of good cause for waiver." 730 ILCS 5/5-5-6(f) (West 2024). However, the court's order is silent, as is the record, on whether defendant is to pay the restitution by installments or by lump sum. Therefore, we remand the case to the trial court for the limited purpose of determining whether defendant is to pay the restitution in installments or by lump sum, taking into account defendant's financial circumstances. See *id.*

¶ 21　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　　　For the reasons stated, we remand the case to the trial court for the limited purpose of conducting a hearing to determine the manner in which restitution is to be paid. We affirm the trial court's judgment in all other respects.

¶ 23　　　　Affirmed and remanded with directions.